# EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/11/2024 3:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

1  N O S R A T I L A W
A PROFESSIONAL LAW CORPORATION
2  Omid Nosrati, Esq. (SBN 216350)
Rene Maldonado, Esq. (SBN 289739)
3  Sol Nunez, Esq. (SBN 340914)
4  1801 Century Park East, Suite 840
Los Angeles, California 90067
5  Telephone: (310) 553-5630
Facsimile: (310) 553-5691
6  Email: omid@nosratilaw.com
Email: rene@nosratilaw.com
7  Email: sol.nunez@nosratilaw.com

8  Attorneys for Plaintiff,
LEAH GRAHAM

9

10  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11  **FOR THE COUNTY OF LOS ANGELES**

**UNLIMITED JURISDICTION**

12

13  LEAH GRAHAM, an individual;

Plaintiff,

14

15  v.

16  BAYADA HOME HEALTH CARE, INC, a
Pennsylvania Corporation; TY'KEIVIUS
17  CURRY, an individual; and DOES 1 through
10, inclusive;
18

19  Defendants.

20

21

22

23

24

25

26

27

28

Case No.  24STCV06027

COMPLAINT FOR MONETARY AND PUNITIVE
DAMAGES

1. Discrimination Based on Sex/Gender [Cal. Gov't
   Code §12940(a)];
2. Harassment Based on Sex/Gender [Cal. Gov't
   Code §12940(j)];
3. Whistleblower Retaliation [Cal. Labor Code
   1102.5 and 6310];
4. Discrimination Based on Disability [Cal. Gov't
   Code §12940(a)];
5. Retaliation in Violation of FEHA [Cal. Gov't
   Code §§12940(h) and §12940(m)(2)];
6. Failure to Prevent Discrimination and
   Harassment [Cal. Gov't Code §12940(k)];
7. Wrongful Termination in Violation of Public
   Policy.

DEMAND FOR JURY TRIAL

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A. CA 90067

1    Plaintiff LEAH GRAHAM (hereinafter "Plaintiff") brings this action against Defendant

2    BAYADA HOME HEALTH CARE, INC, a Pennsylvania Corporation; Defendant TY'KEIVIUS

3    CURRY, an individual; and DOES 1 through 10, inclusive and alleges as to herself and her own acts,

4    and upon information and belief as to all other matters, as follows:

5    **NATURE OF ACTION**

6    1.    This action is brought pursuant to California statutory and decisional laws.  Plaintiff

7    alleges that California statutory and decisional laws prohibit the conduct by Defendants, as alleged

8    herein, and therefore Plaintiff is entitled to monetary relief on the basis that Defendants violated such

9    statutes and decisional laws.

10    **PARTIES**

11    2.    At all times relevant for purposes of this Complaint, LEAH GRAHAM ("Plaintiff" or

12    "Ms. GRAHAM"), has been a resident of the State of California.

13    3.    Plaintiff is informed and believes, and thereon alleges that at all times relevant for

14    purposes of this Complaint, Defendant BAYADA HOME HEALTH CARE INC., ("BAYADA") was

15    a Pennsylvania Corporation doing business in the State of California.

16    4.    Plaintiff is informed and believes, and thereon alleges that at all times relevant for

17    purposes of this Complaint, Defendant TY'KEIVIUS CURRY ("CURRY"), is an individual, who has

18    been a resident of the State of California.

19    5.    BAYADA is an "employer" as defined by California *Government Code* sections

20    12926(d), 12940(a), 12940(h) and 12940(j)(4)(A) and the California Labor Code.

21    6.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate,

22    associate, or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and therefore

23    sues Defendants by such fictitious names.  Defendants DOES 1 through 10, at all times relevant for

24    purposes of this Complaint were employees, agents, officers and/or members of the board of directors

25    of Defendant.  Plaintiff will amend this Complaint to allege the true names and capacities of the

26    Defendants designated herein as DOES 1 through 10, inclusive, when they have been ascertained.

27    7.    Plaintiff is informed and believes, and on that basis alleges, that Defendants designated

28    herein as DOES 1 through 10, inclusive, are responsible in some manner for the acts, events and

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A. CA 90067

1    occurrences alleged herein, and caused or contributed to the damages sustained by Plaintiff.

2    8.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant

3    for purposes of this Complaint, the Defendants designated herein as DOES 1 through 10, inclusive,

4    acted as the agents, employees, directors, officers, co-venturers, and partners of the named Defendant

5    and such fictitiously-named Defendants.  Each of them, while acting in the course and scope of their

6    agency, employment, corporate capacities, and partnership, performed the acts and conduct hereinafter

7    alleged, and said acts and conduct were ratified and approved by each Defendant.

8                                **JURISDICTION & VENUE**

9    9.    Defendants BAYADA HOME HEALTH CARE INC. and DOES 1 through 10 are

10   subject to suit under the California Fair Employment and Housing Act ("FEHA") as they regularly

11   employ five or more persons in the State of California.  *Gov't Code* §12926(d).  FEHA prohibits

12   discrimination, harassment, and retaliation on the basis of race, sex, color, national origin, disability,

13   ancestry, and age, among other acts, by an employer against an employee.

14   10.   At all times during Plaintiff's employment with Defendants, his home base for

15   employment was in California.

16   11.   Plaintiff has exhausted all administrative remedies necessary and has timely brought

17   this action.  (Plaintiff's DFEH Complaint and Right to Sue Notice are attached as Exhibit 1).

18   12.   Jurisdiction and venue in this county and division is proper because the events giving

19   rise to each and every of the following causes of action, which are described below, occurred within

20   this judicial district in the State of California. Furthermore, the relief sought through this Complaint

21   is within the jurisdiction of this Court because the damages are more than $25,000.00.

22                        **FACTS COMMON TO ALL CAUSES OF ACTION**

23   13.   On or around November 28, 2022, BAYADA hired Plaintiff as a Communications and

24   Content Manager under the Diversity, Equity, and Inclusion Office ("DEI"). Plaintiff is an Asian

25   American woman.

26   14.   Plaintiff's job duties revolved around providing education and training to promote DEI

27   at BAYADA.

28   15.   In or around December 2022, during a company webcast, a panelist became offended

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

by the use of "X-mas" as opposed to "Christmas." Plaintiff explained to the panelist that the "X" stood for Christ within the religion of Christianity and provided a link to an article as a source. Immediately after, Community Outreach Manager, Defendant CURRY, without reason, took issue with Plaintiff's position and accused her of being unprofessional. Plaintiff's Director Joseph Wendover ("Mr. Wendover") who witnessed the interaction, informed Plaintiff not to worry about the negative comment.

16.    On or around March 7, 2023, Plaintiff and CURRY were tasked with arranging meetings with BAYADA's Employee Resource Chairs ("Chairs"). Plaintiff suggested to Defendant CURRY that they should meet with the Chairs who failed to submit proposals. CURRY was offended at Plaintiff's suggestion and told her she wasn't a "team player." Presumably, CURRY believed he should have initiated the meeting with the Chairs and not Plaintiff.

17.    Plaintiff was confused by CURRY's irrational behavior. Following the bizarre interaction, Plaintiff spoke to Mr. Wendover about the team structure, specifically, Plaintiff complained about CURRY's ongoing and warrantless critique of her. Plaintiff also informed Mr. Wendover that CURRY bragged about only working 20 hours a week and stealing from the company (i.e., by not working 40 hours a week but still receiving full pay). Mr. Wendover confirmed that he had heard similar comments by CURRY.

18.    On or around March 10, 2023, Plaintiff spoke to CURRY via phone about what occurred on or around March 7, 2023. During this conversation, CURRY became verbally combative toward Plaintiff and yelled, "I've never said I only work 20 hours a week." Plaintiff had never been spoken down to in such a demeaning way.

19.    On or around March 12, 2023, as a result of CURRY's aggression towards her, Plaintiff experienced panic attacks and sought professional help to address the work-related stress and subsequent symptoms.

20.    On or around March 13, 2023, Plaintiff spoke via phone to BAYADA's Head of Total Rewards, Diversity and Inclusion, and Human Resources Strategy, Rekha Daniel-Kimani ("Ms. Daniel-Kimani"). During the conversation, Plaintiff made a complaint about CURRY's harassing behavior toward her and the fact that he [CURRY] bragged about only working 20 hours a week.

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE. 840, LA, CA 90067

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

1    Plaintiff also expressed her concern of retaliation by CURRY as a result of her protected complaint.

2    21.    On or around March 14, 2023, Plaintiff spoke to Mr. Wendover via Zoom regarding

3    the phone and text message interactions she had experienced with CURRY on or around March 10,

4    2023. Plaintiff complained to Mr. Wendover that CURRY was verbally abusive towards her. Mr.

5    Wendover did not do anything to redress her complaint.

6    22.    On or around March 17, 2023, Plaintiff met Ms. Daniel-Kimani in person for lunch and

7    was blindsided by Defendant CURRY's attendance. Plaintiff felt uncomfortable by his presence given

8    the numerous complaints she had made against him. Moreover, the meeting was not substantive to

9    Plaintiff's complaints, as for the majority of the time, Ms. Daniel-Kimani spoke exclusively to

10   CURRY about non-work-related topics. At no point were Plaintiff's complaints discussed.

11   23.    On or around March 20, 2023, after her initial complaints had not been sufficiently

12   addressed, Plaintiff sent an email to Ms. Daniel-Kimani and Mr. Wendover.  In that email, Plaintiff

13   reasserted her complaint of harassment against CURRY. Plaintiff listed multiple instances, including

14   occasions where CURRY was verbally abusive toward her and would offload his work responsibilities

15   onto her. Plaintiff complained that this was negatively impacting her mental health and work

16   productivity. Again, neither Ms. Daniel-Kimani nor Mr. Wendover did anything to stop CURRY's

17   harassment.

18   24.    On or around March 21, 2023, Plaintiff visited BAYADA's Headquarters in New

19   Jersey and met with Mr. Wendover. During their meeting, Mr. Wendover told Plaintiff to cease

20   complaining about CURRY's behavior. Mr. Wendover also instructed Plaintiff to stop contacting Ms.

21   Daniel-Kimani about CURRY. Mr. Wendover then disclosed that a female worker at BAYADA

22   falsified a sexual harassment claim against another company employee and was fired; Plaintiff felt

23   this was an indirect way of telling her to drop her complaints against CURRY. This confirmed that

24   management at BAYADA did not care about addressing Plaintiff's complaints and putting an end to

25   CURRY's harassment.

26   25.    On or around March 26, 2023, due to the continued harassment by CURRY, Plaintiff

27   became so stressed and anxiety-ridden that she sought mental health treatment.

28   26.    On or around April 4, 2023, Mr. Wendover responded to Plaintiff's March 20, 2023,

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE., 840., LA., CA 90067

email. Mr. Wendover's response directly contradicted what he had told Plaintiff during their in-person meeting on or around March 21, 2023. As a result, Plaintiff contacted Human Resources to submit another protected complaint.

27.     On or around April 5, 2023, Plaintiff spoke to Human Resources Manager, Keri Huenycutt ("Ms. Huenycutt"), and complained about CURRY's harassment in addition to Mr. Wendover and Ms. Daniel-Kimani's failure to take any remedial action. Plaintiff explained the previous incidents involving CURRY and the history of her previous protected complaints to Mr. Wendover and Ms. Daniel-Kimani. Ms. Huenycutt did not indicate a plan for resolution or initiate an investigation into CURRY's behavior.

28.     On or around April 7, 2023, Plaintiff spoke to Mr. Wendover via Zoom and complained once more about CURRY's continuous harassing behavior and the negative impact of such behavior on her mental health. Mr. Wendover again refused to take action to protect Plaintiff.

29.     On or around April 24, 2023, BAYADA required that Plaintiff and CURRY attend a Diversity Movement Conference. Despite being aware of Plaintiff's multiple complaints against CURRY, Mr. Wendover still suggested that she [Plaintiff] share an Uber to the airport with CURRY.

30.     While at the conference and in the presence of other BAYADA employees, including Mr. Wendover, CURRY began to verbally attack Plaintiff. For approximately two hours, CURRY spoke down to Plaintiff and made statements, "I'm a powder keg," and "I'm the more aggressive one in this situation." CURRY's aggression escalated to the point where a BAYADA employee, Mr. Petershein, intervened and asked CURRY to allow Plaintiff to speak. However, this only enraged CURRY and he continued his harassment toward Plaintiff. CURRY did not speak or treat men in the same aggressive and berating way that he spoke and treated Plaintiff.

31.     On or around April 25, 2023, Plaintiff spoke to Ms. Daniel-Kimani and Mr. Wendover. She expressed how unsafe she felt working with and being in the presence of CURRY and refused to be alone with him. Plaintiff affirmatively stated that she would no longer tolerate CURRY's behavior. Instead of protecting Plaintiff, Ms. Daniel-Kimani and Mr. Wendover became defensive and intended to minimize the gravity of the situation.

32.     On or around April 26, 2023, Plaintiff had a Zoom call with Ms. Daniel-Kimani about

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE. 840, L.A. CA 90067

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

1   CURRY's continuous harassment. Ultimately, Ms. Daniel-Kimani told Plaintiff to stop contacting

2   HR. This was Plaintiff's eighth complaint against CURRY without BAYADA taking any action.

3         33.     On or around April 27, 2023, Plaintiff spoke to Senior Partner of Human Resources,

4   Jim Aromando ("Mr. Aromando"), via phone. Mr. Aromando explained to Plaintiff that CURRY had

5   filed a complaint claiming that Plaintiff's accusations against him were false. Mr. Aromando explained

6   to Plaintiff the consequences of making false accusations to Human Resources. In a feeble attempt to

7   get rid of Plaintiff, Mr. Aromando presented Plaintiff with various severance options. When Plaintiff

8   protested, Mr. Aromando presented her with an ultimatum, either to accept the severance and leave

9   the company or have BAYADA initiate an investigation into CURRY's claims. Plaintiff informed Mr.

10  Aromando that she had not lied about any of the complaints brought against CURRY and that she

11  gladly welcomed any investigation.

12        34.     Following her conversation with Mr. Aromando, Plaintiff texted Ms. Huenycutt stating

13  she believed her complaints were being covered up. Ms. Huenycutt responded that she was instructed

14  to direct all conversations to Mr. Aromando.

15        35.     On or around April 29, 2023, due to the work-related stress surrounding the issues with

16  CURRY, Plaintiff continued to struggle with her mental health.

17        36.     On or around May 2, 2023, as CURRY's harassment continued, Plaintiff requested to

18  Mr. Wendover that any meetings in which she had to be present with CURRY be recorded. Mr.

19  Wendover declined the request and made a callous remark stating Plaintiff should not attend an award

20  ceremony due to her ongoing mental health condition.

21        37.     On or around May 5, 2023, the harassment experienced by Plaintiff and ratified by

22  BAYADA was so intolerable that Plaintiff's health care provider ordered her to take medical leave

23  due to diagnoses of depression, anxiety, and panic attacks. Plaintiff's medical leave was set to end on

24  May 18, 2023.

25        38.     On or around May 19, 2023, Plaintiff returned to work from her medical leave and

26  began to experience retaliation. Upon her return, Plaintiff did not have access to her work-related

27  accounts. On or around the same day, Mr. Wendover sent Plaintiff an email and requested she meet

28  with the third-party investigator. Plaintiff was not prepared to meet with the investigator and did not

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE. 840, L.A. CA 90067

1   have access to her work-related accounts.

2       39.     In or around the week of May 22, 2023, Plaintiff was given access to her work email

3   and employee portal, but her access to other programs remained suspended. During this week there

4   were team meetings and trainings to which Plaintiff was not invited; despite always being present in

5   the past.

6       40.     On or around May 24, 2023, Plaintiff met with the third-party investigator, Sarah

7   Morgan ("Ms. Morgan").

8       41.     On or around May 25, 2023, Mr. Wendover sent an email to Plaintiff and complained

9   that she had several outstanding tasks with past due deadlines. Mr. Wendover knew Plaintiff had just

10  returned from medical leave and the outstanding tasks were past due because she had been on leave.

11  Plaintiff responded to Mr. Wendover and stated that she was not obligated to work on her assignments

12  while on leave and that deadlines needed to be shifted due to her leave of absence.  Soon after, Plaintiff

13  contacted Ms. Morgan to complain about Mr. Wendover's behavior as she believed it to be retaliatory.

14      42.     On or around May 30, 2023, Plaintiff sent an email to Mr. Wendover, Ms. Daniel-

15  Kimani, Mr. Aromando, and copied Ms. Morgan, Ms. Smith, and Ms. Huenycutt. Plaintiff complained

16  that due to a lack of BAYADA's resolve of CURRY's harassment, she would be setting boundaries

17  to protect herself. These boundaries included leaving any meeting where she felt unsafe by CURRY's

18  behavior. Plaintiff did not receive a response to her email.

19      43.     On or around June 2, 2023, Plaintiff attended a virtual meeting with Mr. Aromando and

20  Ms. Daniel-Kimani. Plaintiff requested a status update on the third-party investigation and a copy of

21  the report; they both refused. Instead, BAYADA terminated Plaintiff's employment. Mr. Aromando

22  stated, "We are letting you go for communication issues, conflict, [and] lack of trust in colleagues."

23      44.     However, BAYADA's termination of Plaintiff was merely pretext for unlawful

24  discrimination, harassment, and retaliation. At the time of her termination, Plaintiff had made a total

25  of ten protected complaints. BAYADA failed to protect Plaintiff from Defendant CURRY and instead

26  retaliated after multiple complaints by terminating her employment.

27  ///

28  ///

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

– 8 –

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A. CA 90067

**FIRST CAUSE OF ACTION**

**DISCRIMINATION BASED ON SEX/GENDER [Cal. Gov't Code §12940(a)]**

(Against BAYADA and DOES 1 through 10, inclusive)

45.     Plaintiff alleges and incorporates by reference paragraphs 1 through 44 of this Complaint as if fully alleged herein.

46.     At all times relevant for purposes of this Complaint, the California Fair Employment and Housing Act ("FEHA") was in full force and effect and binding on Defendant. Under *Government Code* section 12940(a), the FEHA makes it unlawful for an employer, on the basis of sex/gender, "to discharge the person from employment" or "to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

47.     Plaintiff is a member of a protected class because of her female sex/gender.

48.     At all relevant times, Plaintiff was performing her job competently for Defendant.

49.     As detailed above, Plaintiff was treated differently in compensation, terms, conditions, and privileges of employment based on her sex/gender.

50.     On or around June 2, 2023, Plaintiff was subjected to an adverse employment action when she was terminated from her employment.

51.     Plaintiff's sex/gender is a substantial motivating reason for Defendant terminating Plaintiff. The circumstances suggest Plaintiff was discriminated against based on her female gender after she brough multiple complaints against CURRY, a male, for harassment. When Plaintiff continued to report the escalation of CURRY's behavior, Plaintiff was outright instructed to stop complaining. Mr. Wendover compared her to another BAYADA female employee who had supposedly made a fake sexual harassment complaint and was ultimately terminated. He insinuated that if Plaintiff did not cease her complaints, she would ultimately end up terminated like the unknown BAYADA employee who complained about sexual harassment.

52.     BAYADA never took Plaintiff's complaints seriously. However, when Defendant CURRY (the male aggressor) complained about Plaintiff, BAYADA initiated an investigation and brought in a third-party investigator.

53.     As a proximate result of Defendant's conduct, Plaintiff has suffered actual,

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE. 840, L.A., CA. 90067

1  consequential, and incidental financial losses, including without limitation, loss of salary and benefits,

2  and the intangible loss of employment-related opportunities for growth in her field and damage to her

3  professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such

4  amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or

5  3288 and/or any other provision of law providing for prejudgment interest.

6       54.   As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and

7  continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional

8  distress and will likely incur medical expenses as a result.  Plaintiff is informed and believes and

9  thereon alleges that she will continue to experience said emotional suffering for a period in the future

10  she cannot presently ascertain, all in an amount subject to proof at the time of trial.

11      55.   As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to

12  hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur

13  attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees

14  and costs under California Government Code Section 12965 (b).

15      56.   The acts taken toward Plaintiff were carried out by and/or ratified by Defendant and/or

16  managing agent employees of Defendant acting in a despicable, oppressive, fraudulent, malicious,

17  deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby

18  justifying an award to her of punitive damages in a sum appropriate to punish and make an example

19  of Defendant.

20      57.   Plaintiff has been generally damaged in an amount within the jurisdictional limits of

21  this Court and requests relief as described in the PRAYER below.

22  **SECOND CAUSE OF ACTION**

23  **HARASSMENT BASED ON SEX/GENDER [Gov't Code §12940(j)]**

24  (Against ALL Defendants and DOES 1 through 10, inclusive)

25      58.   Plaintiff alleges and incorporates by reference paragraphs 1 through 44 of this

26  Complaint as if fully alleged herein.

27      59.   At all times relevant for purposes of this Complaint, the FEHA, Gov't Code § 12940(j)

28  was in full force and effect and binding on Defendants. FEHA makes it unlawful for an employer, on

1   the basis of sex/gender, "to harass an employee."

2       60.    Plaintiff is a member of a protected class because of her female sex/gender.

3       61.    Defendant CURRY subjected Plaintiff to unwelcomed harassment based on Plaintiff's

4   female gender.

5       62.    A reasonable woman in Plaintiff's circumstances would have also considered the work

6   environment to be hostile, intimidating, offensive, oppressive, or abusive.

7       63.    Plaintiff considered the work environment to be hostile, intimidating, offensive,

8   oppressive, or abusive.

9       64.    Defendant CURRY's harassment of Plaintiff was severe and pervasive and created a

10  hostile work environment. Defendant CURRY berated Plaintiff and spoke down to her. Defendant

11  CURRY would say things that would allude to his "power" or "dominance" as a 'man' over a woman.

12  During a conference, Defendant CURRY referred to himself as a "power keg" and "the aggressive

13  one." The harassment became so intolerable that Plaintiff refused to be in the presence of Defendant

14  CURRY. CURRY's treatment of Plaintiff demonstrated that she was not a valued employee due to

15  her female gender. Defendant CURRY did not treat other similarly situated male employees like he

16  treated Plaintiff.

17      65.    Defendants' conduct as alleged above constituted unlawful harassment in violation of

18  the FEHA.

19      66.    Defendant BAYADA was well aware of CURRY's harassment yet failed to take

20  appropriate corrective action. Plaintiff made several complaints about CURRY's harassing behavior

21  to Mr. Wendover, Ms. Daniel-Kimani, Mr. Aromando, Ms. Morgan, Ms. Smith, and Ms. Huenycutt

22  yet they all failed to take any remedial action. As a result, Plaintiff was subjected to a hostile work

23  environment.

24      67.    As a proximate result of Defendant's conduct, Plaintiff has suffered actual,

25  consequential, and incidental financial losses, including without limitation, loss of salary and benefits,

26  and the intangible loss of employment-related opportunities for growth in her field and damage to her

27  professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such

28  amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE. 840, LA., CA 90067

1    3288 and/or any other provision of law providing for prejudgment interest.

2    68.    As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result. Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

69.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

70.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

### THIRD CAUSE OF ACTION

### WHISTLEBLOWER RETALIATION [Labor Code § 1102.5]

(Against BAYADA and DOES 1 through 10, inclusive)

71.    Plaintiff alleges and incorporates by reference paragraphs 1 through 44 of this Complaint as if fully alleged herein.

72.    Labor Code section 1102.5 prohibits employers from retaliating against employees who engage in protected "whistleblowing" activities when the employee has reasonable cause to believe that the information discloses a violation of state or federal statute. *Diego v. Pilgrim United Church of Christ* (2014) 231 Cal.App.4th 913, 923.

73.    In addition, Labor Code § 1102.5 subd. (b) forbids retaliation if the employee disclosed, or the employer believes he/she disclosed "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance."

74.    According to the recent decision by the California Supreme Court in *Lawson v. PPG Architectural Finishes, Inc.* (2022) 12 Cal.5th 703, courts must apply the framework prescribed by statute in Labor Code section 1102.6 rather than the test set forth in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792. Once an employee-whistleblower establishes by a preponderance of the

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

COMPLAINT FOR MONETARY AND PUNITIVE DAMAGES

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE. 840, LA., CA 90067

1  evidence that retaliation was a contributing factor in the employee's termination, demotion, or other

2  adverse action, the employer then bears the burden of demonstrating by *clear and convincing evidence*

3  that it would have taken the same action "for legitimate, independent reasons." (Lab. Code, § 1102.6,

4  added by Stats. 2003, ch. 484, § 3, pp. 3518–3519).

5       75.    Under the Fair Employment and Housing Act ("FEHA"), California Government Code

6  section 12940 et seq., it is an unlawful employment practice for an employer to discriminate against

7  the person in the terms, conditions, or privileges of employment on the basis of sex/gender. It also an

8  unlawful employment practice for an employer to harass an employee on the basis of sex/gender. It is

9  also an unlawful employment practice for employers to requesting and/or utilizing a reasonable

10  accommodation of finite medical leave.

11       76.    As alleged above, Plaintiff engaged in protected activities when she made numerous

12  complaints of harassment against CURRY. Plaintiff also engaged in protected activities when she

13  made complaints of retaliation after her return from medical leave. In total, Plaintiff made twelve

14  protected complaints to various superiors and BAYADA Human Resources personnel.

15       77.    On or around May 30, 2023, Plaintiff engaged in protected activity by making her most

16  recent complaint of harassment against CURRY to Mr. Wendover, Ms. Daniel-Kimani, Mr.

17  Aromando, and copied Ms. Morgan, Ms. Smith, and Ms. Huenycutt. On or around June 2, 2023, only

18  two business days after Plaintiff's most recent complaint of harassment, Plaintiff was subjected to an

19  adverse employment action when she was terminated from her employment.

20       78.    Plaintiff had a reasonable belief that Defendants' harassing practices violated state or

21  federal law.

22       79.    Based on the temporal proximity of Plaintiffs' protected activities and the subsequent

23  retaliatory treatment, Plaintiff's protected activities was a contributing factor to her termination.

24       80.    As a proximate result of Defendant's conduct, Plaintiff has suffered actual,

25  consequential, and incidental financial losses, including without limitation, loss of salary and benefits,

26  and the intangible loss of employment-related opportunities for growth in her field and damage to her

27  professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such

28  amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or

1    3288 and/or any other provision of law providing for prejudgment interest.

2        81.    As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and

3    continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional

4    distress and will likely incur medical expenses as a result.  Plaintiff is informed and believes and

5    thereon alleges that she will continue to experience said emotional suffering for a period in the future

6    she cannot presently ascertain, all in an amount subject to proof at the time of trial.

7        82.    As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to

8    hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur

9    attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and

10   costs under California Code of Civil Procedure sections 1021.5 and 1102.5, subdivision (j).

11       83.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

12   this Court and requests relief as described in the PRAYER below.

## FOURTH CAUSE OF ACTION

## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FEHA

### [Gov't Code §12940(a)]

(Against BAYADA and DOES 1 through 10, inclusive)

17       84.    Plaintiff alleges and incorporates by reference paragraphs 1 through 44 of this

18   Complaint as if fully alleged herein.

19       85.    At all times relevant for purposes of this Complaint, the California Fair Employment

20   and Housing Act ("FEHA") was in full force and effect and binding on Defendant.  Under *Government*

21   *Code* section 12940(a), the FEHA makes it unlawful for an employer, on the basis of disability,

22   whether actual or perceived, "to discharge the person from employment" or "to discriminate against

23   the person in compensation or in terms, conditions, or privileges of employment."

24       86.    In the present matter, Defendant discriminated against Plaintiff on the basis of her

25   disability. Plaintiff suffered from depression, anxiety, and panic attacks. Her medical condition was a

26   limitation on her ability to work, as evidenced by her need for leave.

27       87.    During Plaintiff's employment, Plaintiff was performing competently in the position

28   she held.

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE. 840, L.A. CA 90067

– 14 –

88.     As outlined above, Plaintiff was subjected to adverse employment action when she was terminated shortly after returning from medical leave.

89.     On or around June 2, 2023, Plaintiff was subjected to an adverse employment action when she was terminated from her employment. Plaintiff was terminated less than two weeks after returning from medical leave due to her anxiety, depression, and panic attack disabilities. The circumstances suggest discriminatory motive due to the proximity of Plaintiff's termination with her leave for her disability.

90.     As a proximate result of Defendant's conduct, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

91.     As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

92.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under Government Code section 12965(b) and/or any other provision of law providing for attorneys' fees and costs.

93.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

///

///

///

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A. CA 90067

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

**FIFTH CAUSE OF ACTION**

**RETALATION IN VIOLATION OF THE FEHA - [Cal. Gov't Code §§12940(h) and §12940(m)(2)]**

(Against BAYADA and DOES 1 through 10, inclusive)

94.    Plaintiff alleges and incorporates by reference paragraphs 1 through 44 of this Complaint as if fully alleged herein.

95.    It is unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Gov. Code, § 12940, subd. (h). It is unlawful for an employer to "retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." Gov. Code, § 12940, subd. (m).

96.    As alleged above, Plaintiff engaged in protected activities when she made numerous complaints of harassment against CURRY. Plaintiff also engaged in protected activity when she made a request for a reasonable accommodation of finite medical leave. Plaintiff engaged in further protected activity when she made complaints of retaliation after her return from medical leave. In total, Plaintiff made twelve protected complaints to various superiors and BAYADA Human Resources personnel.

97.    On or around May 19, 2023, Plaintiff returned to work from her medical leave. On or around May 30, 2023, Plaintiff engaged in protected activity by making her most recent complaint of harassment against CURRY to Mr. Wendover, Ms. Daniel-Kimani, Mr. Aromando, and copied Ms. Morgan, Ms. Smith, and Ms. Huenycutt. On or around June 2, 2023, only two business days after Plaintiff's most recent complaint of harassment and less than two weeks after her return from medical leave, Plaintiff was subjected to an adverse employment action when she was terminated from her employment.

98.    There is a casual link between Plaintiff's protected activity and the Defendant's adverse employment action based on the temporal proximity of the protected activities and adverse employment actions as set forth above. Defendant's reason for termination was pretextual as set forth

above.  Defendant's conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

99.     As a proximate result of Defendant's conduct, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

100.    As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

101.    As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred, and is expected to continue to incur, attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

102.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE FEHA - [Cal. Gov't Code §12940(k)]**

(Against BAYADA and DOES 1 through 10, inclusive)

103.    Plaintiff alleges and incorporates by reference paragraphs 1 through 44 of this Complaint as if fully alleged herein.

104.    At all times herein mentioned, the California Fair Employment and Housing Act ("FEHA"), Gov't Code § 12900, et seq., was in full force and effect and binding on Defendants.  The FEHA requires Defendants, among other things, "to take all reasonable steps necessary to prevent

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE., 840, L.A. CA 90067

1    discrimination and harassment from occurring." Gov't Code §12940(k).

2        105.    In perpetrating the above-described acts and failures to act, Defendant and its agents

3    violated these provisions by failing to take all reasonable steps necessary to prevent such

4    discrimination based on disability from occurring.  In violation of Gov't Code § 12940(k), these acts

5    and failures to act include, but are not limited to, the following:

6           (a)    Having no policies, practices and procedures and/or failing to implement policies,

7              practices and procedures and/or having ineffective policies, practices, and procedures

8              regarding Defendants' obligations to refrain from discrimination and harassment;

9           (b)    Having no policies, practices and procedures and/or failing to implement policies,

10             practices and procedures and/or having ineffective policies, practices, and procedures

11             regarding the handling of complaints of discrimination and harassment;

12          (c)    Failing to provide any and/or adequate training, education, or information to their

13             personnel, and most particularly to management and supervisory personnel with

14             regard to policies and procedures regarding preventing discrimination and

15             harassment; and

16          (d)    Failing to take permanent remedial steps reasonably calculated to end the current

17             harassment and deter future harassment from the same offender or others

18       106.    During the entire relevant period, Defendant failed to take all reasonable steps to

19   prevent discrimination and/or harassment, and such discrimination and/or harassment was condoned,

20   encouraged, tolerated, sanctioned, and ratified.

21       107.    During the entire relevant period, Defendant failed to provide any and/or adequate

22   training, education, and/or information to their personnel, and most particularly to management and

23   supervisory personnel with regard to policies and procedures regarding discrimination or harassment

24   on the basis of sex/gender or disability.

25       108.    During the entire relevant period, Defendant failed to take reasonable steps to prevent

26   discrimination from being inflicted against Plaintiff, resulting in Plaintiff being terminated.

27       109.    As a proximate result of Defendant's conduct, Plaintiff has suffered actual,

28   consequential, and incidental financial losses, including without limitation, loss of salary and benefits,

and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

110.    As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

111.    As a proximate result of the wrongful acts of Defendant Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover such attorneys' fees and costs under *Government Code* section 12965(b) and/or any other provision of law providing for attorneys' fees and costs.

112.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

### SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against BAYADA and DOES 1 through 10, inclusive)

113.    Plaintiff alleges and incorporates by reference paragraphs 1 through 44 of this Complaint as if fully alleged herein.

114.    California recognizes a tort claim of wrongful discharge based on a violation of fundamental and substantive public policy.  Tameny v. Atlantic Richfield Company (1980) 27 Cal. 3d 167, 164.

115.    Under the Fair Employment and Housing Act ("FEHA"), California has a fundamental and substantive public policy that prohibits employers from harassing and discriminating against employees in the terms, conditions, or privileges of employment on the basis of sex/gender and disability.

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE., 840, LA, CA 90067

116.    Pursuant to Labor Code § 1102.5, California has a fundamental and substantive public policy that prohibits employers from retaliating against employees who engage in protected "whistleblowing" activities when the employee has reasonable cause to believe that the information discloses a violation of state or federal statute.

117.    As set forth above, Defendants terminated Plaintiff in violation of fundamental and substantive public policies.

118.    As a proximate result of Defendant's conduct, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

119.    As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur medical expenses as a result.  Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

120.    The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendant and its agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against Defendant.

121.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff LEAH GRAHAM prays for judgment as follows:

1. For all actual, consequential and incidental financial losses, including without limitation

NOSRATILAW, A PROFESSIONAL LAW CORPORATION
1801 CENTURY PARK EAST, STE. 840, L.A., CA 90067

loss of salary and benefits, together with prejudgment interest, according to proof;

2.  For compensatory and general damages in an amount according to proof;

3.  For punitive damages;

4.  For attorney's fees;

5.  For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

6.  For penalties pursuant to Labor Code Section 1102.5;

7.  For Costs of suit;

8.  For Injunctive Relief, and Restitution; and

9.  Such other and further relief as the court deems proper.

Dated: March 11, 2024

N O S R A T I L A W<br>
A PROFESSIONAL LAW CORPORATION

By:  _/s/ Sol Nunez, Esq._

Omid Nosrati, Esq.
Rene M. Maldonado, Esq.
Sol Nunez, Esq.
Attorneys for Plaintiff,
LEAH GRAHAM

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by California Code of Civil Procedure section 631 and the California Constitution.

Dated: March 11, 2024

N O S R A T I L A W<br>
A PROFESSIONAL LAW CORPORATION

By:  _/s/ Sol Nunez, Esq._

Omid Nosrati, Esq.
Rene M. Maldonado, Esq.
Sol Nunez, Esq.
Attorneys for Plaintiff,
LEAH GRAHAM