UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03075-RGK-AJR | Date | April 19, 2024 |
|---|---|---|---|
| Title | *Leah Graham v. Bayada Home Health Care, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order to Show Cause Re: Amount in Controversy**

    On March 11, 2024, Leah Graham ("Plaintiff") filed a Complaint against Bayada Home Health Care, Inc. and Ty'Kevius Curry (collectively, "Defendants"), alleging claims for employment discrimination and wrongful termination. (ECF No. 1-1.) On April 15, 2024, Defendants removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) But upon review of Defendants' Notice of Removal, the Court hereby **ORDERS** Defendants to **SHOW CAUSE, in writing,** that the amount in controversy is satisfied.

    Pursuant to 28 U.S.C. 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

    Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03075-RGK-AJR | Date | April 19, 2024 |
|---|---|---|---|
| Title | *Leah Graham v. Bayada Home Health Care, Inc. et al.* | | |

Here, Plaintiff seeks compensatory damages, attorneys' fees, and punitive damages. In support of removal, Defendants concludes that punitive damages, attorneys' fees, and costs would satisfy the amount in controversy. Defendants offer no support for this conclusion, however.

Accordingly, the Court finds that Defendants have not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendants to **SHOW CAUSE, in writing,** that the amount in controversy is satisfied. Such a response shall not exceed **five pages** and must be submitted within **seven days** of this Order's issuance.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/sf |